**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TRACY CAMPBELL and**
**WILLIAM CAMPBELL**                                                    **PLAINTIFFS**

**VS.**                                   **CIVIL ACTION NO.: 3:18-cv-688-HTW-LRA**

**PIZZA HUT of AMERICA, LLC;**
**YUM! BRANDS, INC.; AND JOHN AND**
**JANE DOES 1-10**                                                       **DEFENDANTS**

---

**DEFENDANTS, PIZZA HUT OF AMERICA, LLC'S AND YUM! BRANDS, INC.'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, Pizza Hut of America, LLC and YUM! Brands, Inc., improperly named, (hereinafter referred to as "Defendants") answer the above-styled Plaintiffs' Complaint as follows, and further demand a trial by jury:

**DEFENSE 1**

Plaintiffs' Complaint fails to state a claim or cause of action against these Defendants upon which relief can be granted.

**DEFENSE 2**

The Plaintiffs' claims against Defendants are barred by the applicable statutes of limitations.

**DEFENSE 3**

The injuries and/or damages about which the Plaintiffs complain, if any, were caused or contributed to by the Plaintiffs' own negligence and inattention.

**DEFENSE 4**

The actions of others for whom Defendants have no responsibility and no liability were intervening and superseding actions for which these Defendants have no liability and which

should constitute a complete defense to the subject claim.

## DEFENSE 5

While denying all liability whatsoever, these Defendants would show, on information and belief, that if the Plaintiffs' own negligence was not the sole proximate cause of the subject accident and if the negligence of others for whom these Defendants have no responsibility and no liability was not the sole proximate cause of the accident, then their negligence was a contributing factor thereto, and these Defendants affirmatively plead the provisions of Miss. Code Ann. § 85-5-7.

## DEFENSE 6

These Defendants hereby invoke all rights and privileges available to it under Miss. Code Ann. §§ 11-1-60, 11-1-63 and 11-1-65.

## DEFENSE 7

The injuries and or damages about which the Plaintiffs complain, if any, are the result of a preexisting condition.

## DEFENSE 8

The defects about which Plaintiffs complain, if any, were in plain view and obvious to all concerned.

## DEFENSE 9

Tracy Campbell was contributorily negligent at all times pertinent herein, including, but not limited to, the following particulars:

A. Failure to exercise due care for her own safety; and

B. Any and all other acts of negligence, or fault, the nature of which will be proven at the trial of this matter.

## DEFENSE 10

Plaintiffs' claims are subject to reduction in direct proportion to Tracy Campbell's own comparative fault, including the following nonexclusive particulars:

A. Failure to exercise due care for her own safety; and

B. Any and all other acts of negligence, fault, misuse, improper use or inattention, the nature of which will be prove at the trial of this matter.

## DEFENSE 11

Alternatively, on information and belief, negligence/wantonness, product liability and breach of warranty or any other applicable duty(ies) on the part of other unnamed defendants, individually or in combination, caused or contributed to the accident.

## DEFENSE 12

Defendants would show, on information and belief, that the any incident was the result of an intervening and/or superseding act sufficient to exculpate Defendants from liability.

## DEFENSE 13

At all times relevant, Defendants have complied with all applicable statutes, rules, regulations, and duties of care.

## DEFENSE 14

Tracy Campbell assumed the risk of injury, if any, and therefore recovery is barred.

## DEFENSE 15

These Defendants hereby invoke every other good faith defense available to it pursuant to Rules 12(b)(1) through (7) of the Federal Rules of Civil Procedure.

## DEFENSE 16

These Defendants hereby reserve the right to pray and prove other affirmative defenses as

they may become known.

## DEFENSE 17

Defendants answer Plaintiffs' Complaint filed against it paragraph by paragraph as follows:

## DEFENSE 18

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Mississippi.

## DEFENSE 19

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

## DEFENSE 20

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the Constitutional safeguards provided to Defendants under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

## DEFENSE 21

Defendants aver that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## DEFENSE 22

Defendants affirmatively plead that every element of the Plaintiffs' claims for punitive damages must be proven beyond a reasonable doubt because without such proof said claim would violate Defendants' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

And now, Defendants answer the Complaint, exhibited against them, line by line, as follows:

## PARTIES

1.    Defendants lack sufficient information to admit or deny the allegations of paragraph number 1 and therefore, deny the same.

2.    Defendants lack sufficient information to admit or deny the allegations of paragraph number 2 and therefore, deny the same.

3.    Defendants admit only that Pizza Hut of America, LLC is a Delaware limited liability company with a principal place of business located at 7100 Corporate Drive, Plano, Texas 75024 whose sole member is Pizza Hut Holdings, LLC located at 7100 Corporate Drive, Plano, Texas 75024 and who may be served with process through CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Any remaining allegations of paragraph number 3 are denied.

4.    Defendants admit that improperly named Defendant YUM! Brands, Inc. is a North Carolina corporation.  Defendants deny that YUM! Brands, Inc., a North Carolina corporation with a principal place of business located at 1441 Gardiner Lane, Louisville, Kentucky 40213, has a principal place of business located at 1411 Gardiner Lane, Louisville, Kentucky 40213.  Any remaining allegations are denied.

5

5.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 5 and therefore, deny the same.

## JURISDICTION AND VENUE

6.      Defendants admit only that Plaintiffs have pled the amount in controversy sufficient to establish diversity jurisdiction, however, Defendants deny Plaintiffs are entitled to the same. Defendants lack sufficient information to admit or deny any remaining allegations of paragraph number 6 and therefore, deny the same.

7.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 7 and therefore, deny the same.

## FACTS

8.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 8 and therefore, deny the same.

9.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 9 and therefore, deny the same.

10.     Defendants lack sufficient information to admit or deny the allegations of paragraph number 10 and therefore, deny the same.

11.     Defendants deny the allegations of paragraph number 11.

12.     Defendants deny the allegations of paragraph number 12.

13.     Defendants deny any and all negligence alleged in Paragraph 13 and are without sufficient information to admit or deny any remaining allegations of paragraph number 13 and therefore, deny the same.

14.      Defendants deny any and all negligence alleged in Paragraph 14 and are without sufficient information to admit or deny any remaining allegations of paragraph number 14 and therefore, deny the same.

15.      Defendants deny the allegations of paragraph number 15.

16.      Defendants deny the allegations of paragraph number 16.

17.      Defendants deny any and all negligence alleged in Paragraph 17 and are without sufficient information to admit or deny any remaining allegations of paragraph number 17 and therefore, deny the same.

18.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 18 and therefore, deny the same.

19.      Defendants deny the allegations of paragraph number 19.

## CAUSES OF ACTION

### I.     NEGLIGENCE

20.      Defendants hereby incorporate by reference all of their answers to Paragraphs 1-19 of the Plaintiffs' Complaint above as if fully set forth herein.

21.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 21 and therefore, deny the same.

22.      Defendants lack sufficient information to admit or deny the allegations of paragraph number 22, subparagraphs (a)-(f), and therefore, deny the same.

23.      Defendants deny the allegations of paragraph number 23.

### II.     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24.      Defendants hereby incorporate by reference all of their answers to Paragraphs 1-23 of the Plaintiffs' Complaint above as if fully set forth herein.

25.     Defendants deny the allegations of paragraph number 25.

26.     Defendants deny the allegations of paragraph number 26.

27.     Defendants deny the allegations of paragraph number 27.

28.     Defendants deny the allegations of paragraph number 28.

### III.     RESPONDEAT SUPERIOR

29.     Defendants hereby incorporate by reference all of their answers to Paragraphs 1-28 of the

Plaintiffs' Complaint above as if fully set forth herein.

30.     Defendants lack sufficient information to admit or deny the allegations of paragraph

number 30 and therefore, deny the same.

31.     Defendants lack sufficient information to admit or deny the allegations of paragraph

number 31 and therefore, deny the same.

32.     Defendants deny the allegations of paragraph number 32.

### IV.     LOSS OF CONSORTIUM

33.     Defendants deny the allegations of paragraph number 33.

### V.     GROSS NEGLIGENCE/PUNITIVE DAMAGES

34.     Defendants hereby incorporate by reference all of their answers to Paragraphs 1-33 of the

Plaintiffs' Complaint above as if fully set forth herein.

35.     Defendants deny the allegations of paragraph number 35.

36.     Defendants deny the allegations of paragraph number 36.

### **Prayer for Relief**

Defendants deny the allegations of the unnumbered paragraph which begins with

"WHEREFORE", including subparts 1-7, and specifically deny that Plaintiffs are entitled to

compensatory damages, punitive damages, interests, costs or any judgment against it or jointly or severally in any amount whatsoever.

Now, having fully answered the allegations of Plaintiffs' Complaint, Defendants respectfully request this Court dismiss Plaintiffs' Complaint with prejudice and award Defendants their costs, expenses and any other appropriate relief.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Complaint against it be dismissed, or that a judgment be entered in its favor, with all costs assessed to the Plaintiffs.

Respectfully submitted, this the 2nd day of November, 2018.

**PIZZA HUT of AMERICA, LLC;**
**YUM! BRANDS, INC., Defendants**

*/s/ Edderek L. Cole*
EDDEREK L.COLE (MSB #100444 )

MARON MARVEL BRADLEY ANDERSON & TARDY, LLC
City Centre
200 South Lamar Street, Suite 550N
Suite 550N
Jackson, MS 39201
Telephone:      601-973-8964
Facsimile:      601-206-0119
bcole@maronmarvel.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Darryl M. Gibbs, Esq.
> Ashley L. Hendricks, Esq.
> Chhabra & Gibbs, P.A.
> 120 North Congress Street
> Suite 200
> Jackson, Mississippi 39201
> dgibbs@cglawms.com
> ahendricks@cglawms.com
> *Attorneys for Plaintiffs*
> Tel: (601) 948-8005

This the 2nd day of November, 2018.

/s /Edderek L. Cole
EDDEREK L. COLE